# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMY VAENKHAM,<br><br>    Plaintiff,<br><br>    v.<br><br>ANDREW M. SAUL,[1] Commissioner of Social Security,<br><br>    Defendant. | Case No.: 1:16-cv-01756-BAM<br><br>**ORDER GRANTING MOTION FOR ATTORNEYS' FEES PURSUANT TO 42 U.S.C. § 406(b)**<br><br>(Doc. No. 20) |

Pending before the Court is counsel for Plaintiff Amy Vaenkham's ("Plaintiff") motion for attorneys' fees pursuant to 42 U.S.C. § 406(b). (Doc. No. 20). The Commissioner of Social Security (the "Commissioner") has filed a response to the motion analyzing the fee request but taking no position as to its reasonableness. (Doc. No. 22). Having reviewed the motion and its supporting documentation, as well as the case file, the Court **GRANTS** the motion and awards attorneys' fees in the amount of $20,745.00.

## I.     Relevant Background

The Law Offices of Lawrence D. Rohlfing entered into a written contingent fee agreement with Plaintiff dated October 27, 2016, which provided that "[i]n consideration of the services to be

---

[1]     Andrew M. Saul is now the Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Andrew M. Saul is substituted for Acting Commissioner Nancy A. Berryhill as the defendant in this suit.

performed by the Attorney and it being the desire of the Claimant to compensate Attorney out of the proceeds . . . the fee for successful prosecution of this matter is . . . 25% of the past due benefits awarded upon reversal of any unfavorable ALJ decision for work before the Social Security Administration" and "a separate 25% of the past due benefits awarded upon reversal of any unfavorable ALJ decision for work before the court." (Doc. No. 20-1).

On November 18, 2016, Plaintiff filed this action seeking judicial review of the Commissioner's denial of benefits. (Doc. No. 1). On March 27, 2018, the Court issued an order reversing the Commissioner's denial of benefits and ordering remand pursuant to sentence four of 42 U.S.C. § 405(g). (Doc. No. 16.) On May 3, 2018, the Court approved the parties' stipulation to award Plaintiff $4,500.00 in attorneys' fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412. (Doc. No. 19.) On remand, the Commissioner issued a decision to grant Plaintiff's application for benefits and, on May 8, 2019, issued a notice indicating that Plaintiff was entitled to receive $82,980.00 in retroactive benefits. (Doc. No. 20-3.)

In the present Motion, Plaintiff's counsel asks the Court to award attorneys' fees in the amount of $20,745.00. (Doc. No. 20.) Plaintiff's counsel contends this fee is reasonable in light of the services rendered and results achieved, as counsel prepared and participated in obtaining a favorable result and the manner and approach to the case saved time and reduced the accumulation of past-due benefits. (Doc. No. 20 at 4-5.) Additionally, the fee counsel seeks is twenty percent of the past-due benefits payable to Plaintiff. (*Id.* at 5.) The Commissioner filed a statement in response to the Motion providing an analysis of the fee request but taking no position regarding its reasonableness. (Doc. No. 22.)

**II.   Legal Standard**

An attorney may seek an award of fees for representation of a Social Security claimant who is awarded benefits:

> Whenever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment. . ..

42 U.S.C. § 406(b)(1)(A); *see also Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002) (Section 406(b) controls fees awarded for representation of Social Security claimants). A contingency fee agreement is

2

unenforceable if it provides for fees exceeding twenty-five percent of past-due benefits. *Gisbrecht*, *supra,* 535 U.S. at 807.

### III.  Discussion and Analysis

District courts "have been deferential to the terms of contingency fee contracts § 406(b) cases." *Hern v. Barnhart*, 262 F.Supp.2d 1033, 1037 (N.D. Cal. 2003). However, the Court must review contingent-fee arrangements "as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht*, 535 U.S. at 807. In doing so, the Court should consider "the character of the representation and the results the representative achieved." *Id.* at 808. In addition, the Court should consider whether the attorney performed in a substandard manner or engaged in dilatory conduct or excessive delays, and whether the fees are "excessively large in relation to the benefits received." *Crawford v. Astrue*, 586 F.3d 1142, 1149 (9th Cir. 2009) (en banc).

In this case, after carefully considering the fee agreement and the applicable law, the Court finds Plaintiff's counsel's requested fees to be reasonable. In support of the motion for attorneys' fees under 42 U.S.C. § 406(b), Plaintiff's counsel attached the contingent fee agreement which provided for a contingent fee of twenty-five percent of any awarded retroactive benefits. (Doc. No. 20-1.) Plaintiff's counsel accordingly accepted the risk of loss in the representation. Plaintiff's counsel additionally expended a total of 21.2 hours of attorney time and 3.9 hours of paralegal time while representing Plaintiff before the District Court. (Doc. No. 20-4.) The requested fee amount represents approximately twenty-five percent of past-due benefits and is within the applicable maximum. As a result of counsel's work, the matter was remanded for further proceedings before an Administrative Law Judge, who issued a fully favorable decision and awarded Plaintiff benefits.

 Plaintiff's counsel provided a copy of the notice of award and the motion for attorney's fees to Plaintiff. (Doc. No. 20). Although served with the motion, Plaintiff did not challenge the requested fees which attests to their reasonableness. Likewise, the Commissioner, in its advisory capacity, also declined to dispute the propriety of the amount of the fees requested by Plaintiff's counsel. (Doc. No. 22.)

Additionally, there is no indication counsel performed in a substandard manner or engaged in severe dilatory conduct to the extent that a reduction in fees is warranted. To the contrary, Plaintiff

was able to secure a fully favorable decision and remand for further proceedings, including an award of past-due benefits. Accordingly, the Court finds the fees sought by counsel are reasonable in light the results achieved in this action, and the amount does not exceed twenty-five percent maximum permitted under 42 U.S.C. § 406(b).

**IV.    Conclusion and Order**

Based upon the foregoing, the Court **ORDERS**:

1. Plaintiff's counsel's motion for attorneys' fees under 42 U.S.C. § 406(b) (Doc. No. 20) is GRANTED;

2. Plaintiff's counsel is awarded $20,745.00 in attorneys' fees pursuant to 42 U.S.C. § 406(b); and

3. Plaintiff's counsel shall compensate Plaintiff in the amount of $4,500.00 for fees previously awarded pursuant to the EAJA.

IT IS SO ORDERED.

Dated:   **June 9, 2020**          /s/ *Barbara A. McAuliffe*
                                   UNITED STATES MAGISTRATE JUDGE

4